OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant was charged with violating 21 NYCRR 1050.7 (b), *790 disorderly conduct. A bench trial was held, and the court found defendant guilty of the offense charged; however, because there is no published decision explaining or interpreting this section of the New York Codes, Rules and Regulations, the court has decided to write this explanation of its reasoning in reaching its verdict.
21 NYCRR 1050.7 states that “[n]o person on or in any facility or conveyance shall ...(b) smoke or carry an open flame or lighted match, cigar, cigarette, pipe or torch . . . .”
Part 1050 covers the “Rules Governing the Conduct and Safety of the Public in the Use of the Facilities of New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority.” Section 1050.2 (b) defines “facilities” to include “all property and equipment, including, without limitation, rights of way and related trackage, . . . stations, terminals . . . depots, . . . and other real estate or personalty used or held for or incidental to the operation ... of any rapid transit railroad or omnibus line of the authority.”
At trial, the People’s only witness was the arresting police officer. The officer testified that he observed defendant smoking a cigarette immediately outside the MetroCard turnstile on the mezzanine level of an elevated subway line operated by the New York City Transit Authority. By the time the officer approached defendant, defendant had extinguished the cigarette.
Defendant introduced photographs of the station in question during his cross-examination of the police officer. The elevated station consists of two levels: the first level involves a staircase from the street to the mezzanine and the second level involves a staircase from the mezzanine to the train platform. At this station there is no token booth, and passengers must enter the platform at the mezzanine level by using a MetroCard to gain access by means of the turnstile. In the instant matter, defendant was observed by the officer on the side of the turnstile that is prior to entry to the platform access.
Defendant did not testify, nor did he present any case-in-chief. At closing argument, defendant maintained that he had not entered the station because he had not used a MetroCard to access the platform, and, therefore, the statute was inapplicable to him. Further, the defense argued that no physical evidence was recovered to prove defendant was smoking. The court found these arguments unavailing.
As cited above, the section of the NYCRR under which defendant was charged states that the offense occurs whenever a *791 person smokes “on or in” a Transit Authority facility. Further, as defined by the regulation, a Transit Authority facility includes the station, terminal, and other real estate incidental to the operation of the transit system. The mezzanine level on which defendant was observed smoking is unquestionably part of the station and real estate operated by the Transit Authority incidental to the operation of the subway. Consequently, defendant falls squarely within the terms of the regulation.
The court notes that only section 1050.4 of title 21 of the New York Codes, Rules and Regulations concerns payment of a fare. This section prohibits a person from entering a portion of a facility that requires payment prior to entry without making such payment. Because defendant was on a portion of the Transit Authority facility that the public may access without payment, there was no need to recover a MetroCard.
Finally, there was no need for the officer to retain the cigarette he observed defendant smoking because his observation alone is sufficient to meet the requirements of the regulation, especially in light of the fact that the testimony was uncontroverted.
Based on the foregoing, the court found defendant guilty of disorderly conduct under 21 NYCRR 1050.7 (b), and fined him $25, the maximum penalty permitted under the regulation.